IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

LORRAINE SIPPLE,

    Plaintiff,

v.

                                                CIVIL ACTION NO.  2:04-0642

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

MEMORANDUM OPINION AND JUDGMENT ORDER

I.  Background

By Standing Order, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Stanley submitted to the court her Proposed Findings and Recommendation on June 24, 2005, in which she recommended that the court deny plaintiff's motion for judgment on the pleadings, grant defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this matter from the active docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge Stanley's Proposed Findings and Recommendation.  On June 30, 2005, plaintiff timely filed objections to the magistrate judge's Proposed Findings and Recommendation.  With respect to those objections, the court has conducted a de novo review of the record.

1

As a general matter, the plaintiff argues that the magistrate judge erred in finding that the Administrative Law Judge's (ALJ) decision was supported by substantial evidence. Judicial review in social security cases is quite limited. The magistrate judge's review is to determine if the decision of the ALJ is supported by substantial evidence and the correct application of the legal standards. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. Therefore, with respect to each of plaintiff's specific objections, this court has reviewed the record to determine whether each finding of the ALJ is supported by substantial evidence, which is defined as something "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

## II. Objections and Analysis

Plaintiff makes three objections to the magistrate judge's Proposed Findings and Recommendations. First, plaintiff argues that the ALJ improperly discounted the opinion of plaintiff's treating physician, Dr. Shafer. Second, plaintiff argues that the ALJ erred by failing to consider the combination of her impairments. Finally, plaintiff contends that the ALJ failed to properly consider her complaints of pain. Each argument will be addressed in turn.

### A. *Treating Physician*

2

Plaintiff argues that the ALJ did not properly consider the opinion of Dr. Shafer, who she considered to have been a treating physician.  According to the magistrate judge, Dr. Shafer was not a treating physician and, therefore, her opinion was not entitled to treating physician deference.  However, Magistrate Judge Stanley found that even if Dr. Shafer could be considered a treating physician, her opinion was not entitled to controlling weight.

In evaluating the opinions of treating sources, the commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability.  20 C.F.R. § 404.1527(d)(2).  Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence."  Ward v. Chater, 924 F. Supp. 53, 55 (W.D. Va. 1996).  The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits.  20 C.F.R. § 404.1527(d)(2).  Even the opinion of a treating source may be rejected if it is inconsistent with other substantial evidence of record.  Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

In finding that Dr. Shafer's opinions were not entitled to treating physician deference, the magistrate judge noted that Dr.

Shafer had evaluated plaintiff on only one occasion and, as such, "had no more knowledge of her condition from her single visit than a consultative or one-time examiner." Proposed Findings and Recommendation at 11. According to plaintiff, this conclusion was wrong because "[i]t is not the number of times a physician sees a patient that determines whether such physician is a treater, it is the intent of the parties." Objections at 1. Plaintiff is plainly wrong on this issue.

> Treating source means your own physician, psychologist, or other acceptable medical source who provides you, who has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with a source when the medical evidence establishes that you see, or have seen, an acceptable medical source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s). We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a non treating source.

20 C.F.R. 404.1502. As noted above, plaintiff saw Dr. Shafer only one time even though the doctor's notes indicate that plaintiff was supposed to follow up with another office visit in a month. Tr. at 227.

However, even if Dr. Shafer were a treating physician, her opinions would not control here. In his decision, the ALJ clearly explained his reasons for discounting the opinion of Dr.

4

Shafer.  Tr. at 16-19.  As both the magistrate judge and the ALJ noted, Dr. Shafer's opinions were not supported by objective medical findings.  Tr. at 19 ("In any event, the objective medical findings that Dr. Shafer reported do not support her opinion.").  Furthermore, the ALJ found that Dr. Shafer's findings were undermined by plaintiff's failure to try the majority of the recommended courses of treatment she prescribed.  Tr. at 17.  Plaintiff did not seek any additional treatment for her condition until approximately eight months after her visit with Dr. Shafer when she went to the emergency room following an automobile accident.  Tr. at 16.

As the ALJ noted, Dr. Shafer's opinion conflicted with the other evidence in the record, including radiological testing and the opinions of Drs. Gomez and Lim, both of whom found that plaintiff was capable of light work.  Tr. at 16, 19-20.  Finally, Dr. Shafer's notes are internally inconsistent.  She recommended that plaintiff increase exercise and did not limit her daily activities, both of which are inconsistent with a disabling injury.

Based on the foregoing and as detailed more fully in the Proposed Findings and Recommendation at pp. 12-14 which is incorporated herein by reference, the court concludes there was substantial evidence to support the weight the ALJ gave Dr. Shafer's opinion.  Accordingly, plaintiff's objection is OVERRULED.

B.  *Combination of Impairments*

5

Plaintiff also argues that the ALJ did not properly consider the combination of her impairments.  According to plaintiff, she suffered from significant back and neck pain, leg pain, migraines, bronchitis, osteoarthritis, hypothyroidism, depression, insomnia, and nervousness.  Plaintiff contends that a person suffering from this combination of impairments would certainly be disabled.  Her argument in this regard is without merit.

The only conditions plaintiff listed as disabling in her initial filing were a "bad back, hip, leg, nerves, [an] tic douloureux."  Tr. at 94.  At the hearing, she discussed problems with her neck, shoulder, low back, side, leg, and depression.  Tr. at 282-83.  The ALJ evaluated the impact of all these impairments and more.  He found that claimant had the "following medically determinable impairments which are severe: lumbrosacral disc disease, cervical disc disease, obesity, and depression."  Tr. at 14.  The ALJ also evaluated plaintiff's claim that she suffered from bronchitis, tic douloureux, hypertension, osteoporosis, varicose veins, anxiety, and panic disorder and gave reasons for the weight he gave these alleged impairments.  Tr. at 14-22.  The ALJ specifically considered the impact that this combination of impairments would have on plaintiff's ability to work.  Tr. at 22 ("None of the claimant's impairments, alone or in combination, are attended with the clinical signs and

6

laboratory findings required to meet or medically equal any impairment described in the Listing of Impairments.").

Furthermore, it is clear that the ALJ considered those impairments for which there was evidence during the relevant time period. For example, plaintiff contends that the ALJ did not consider her complaints of bronchitis but her last complaint of bronchitis occurred six months prior to her alleged onset date and her lungs have been normal upon clinical examinations since that time. Tr. at 15 ("The claimant did not submit medical evidence that establishes chronic bronchitis"). Plaintiff's failure to seek treatment for many of her other complaints tends to show that those conditions were not severe, if they occurred at all, during the time period in question. 20 C.F.R. § 404.1529(c)(3)(v). With respect to those conditions that were not mentioned until this lawsuit, i.e., migraines and hypothyroidism, plaintiff has failed to show how they functionally affected her or impacted her other impairments after her onset date. In any event, plaintiff's counsel did not ask the vocational expert how these conditions would have altered the opinions he gave. Accordingly, plaintiff cannot show that his conclusions would have differed or that they would have affected the ALJ's decision.

In summary, it is clear that the ALJ's decision with respect to plaintiff's combination of impairments is supported by

7

substantial evidence and her objection is, therefore, OVERRULED.

## C.  Consideration of Plaintiff's Complaints of Pain

Plaintiff argues that the ALJ did not properly credit her complaints of pain.  The Fourth Circuit has developed a two-part test for evaluating a claimant's allegations of pain.  <u>Craig v. Chater</u>, 76 F.3d 585 (4th Cir. 1996).  First, objective medical evidence, such as medical signs and laboratory findings, must show the existence of a medical impairment that could reasonably be expected to produce the pain alleged.  <u>See</u> 20 C.F.R. § 404.1529(b); SSR 96-7p; <u>see also</u> <u>Craig v. Chater</u>, 76 F.3d 585, 594 (4th Cir. 1996).  If such an impairment is established, then the second step is to evaluate the intensity and persistence of the pain to see the extent to which it affects a claimant's ability to work.  <u>See</u> <u>Craig</u>, 76 F.3d at 595; 20 C.F.R. § 404.1529(c)(1).

A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence.  20 C.F.R. § 404.1529(c)(4).  The regulations also provide that:

> [W]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons.
> . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
>   (i) Your daily activities;

 (ii) The location, duration, frequency, and intensity of your pain or other symptoms;

 (iii) Precipitating and aggravating factors;

 (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

 (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

 (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and

 (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

 SSR 96-7p basically repeats the two-step regulatory provisions.  It first addresses whether there is an impairment, considering the objective medical evidence, and second, if there is an impairment, evaluating the symptoms and the consistency between the symptoms and the objective medical evidence.  SSR 96-7p, 1996 WL 374186, at *2.

 Craig and SSR 96-7p both provide that although an ALJ should look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself.  See Craig, 76 F.3d at 594; SSR 96-7p.  An ALJ can consider the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision.  Craig only prohibits the

ALJ from rejecting allegations of pain <u>solely</u> because there is no objective medical evidence of the pain itself.

In the case at bar, the ALJ found that plaintiff had the "following medically determinable impairments which are severe: lumbrosacral disc disease, cervical disc disease, obesity, and depression." Tr. at 14, 22. He further found that plaintiff's medical impairments could reasonably be expected to produce pain as alleged. Tr. at 16.

At the second step of the pain analysis, however, the ALJ found that the medical evidence did not support pain of the intensity and persistence alleged. Tr. at 16-17. In so doing, he considered plaintiff's failure to pursue treatment or her failure to follow the advice of Dr. Shafer. Tr. at 16-17. He considered her failure to seek treatment at a pain clinic as well as her failure to seek physical therapy. Tr. at 16-17.

The ALJ also found that plaintiff greatly minimized her daily activities in the hearing and that her allegations regarding her limitations were not entirely credible. Tr. at 22. He compared the limitations she described at the hearing to her stated activities of daily living as reported in a questionnaire completed after her November 2, 2002 car accident and concluded that the two were inconsistent. Tr. at 17. Based on this, the ALJ determined that plaintiff's pain is not disabling.

The role of this court on review is to determine whether substantial evidence supports the ALJ's decision. 42 U.S.C.

§ 405(g); <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Upon review of the record, the court finds ample evidence supporting the ALJ's conclusion that plaintiff's pain is not disabling. The court therefore finds that the ALJ's decision is supported by substantial evidence because he properly applied both the regulations and SSR 96-7p and considered plaintiff's subjective complaints of pain in accordance therewith. Accordingly, plaintiff's objection is OVERRULED.

CONCLUSION

For the reasons set forth above, the court OVERRULES plaintiff's objections to the Magistrate Judge's Findings and Recommendation. Accordingly, the court adopts her Findings and Recommendation and DENIES plaintiff's motion for judgment on the pleadings, GRANTS defendant's motion for judgment on the pleadings, AFFIRMS the final decision of the Commissioner, and DISMISSES this case from the active docket of the court.

The Clerk is directed to forward a certified copy of this Memorandum Opinion and Judgment Order to counsel of record. The Clerk is further directed to remove this action from the active docket of this court.

**IT IS SO ORDERED** this 11th day of August, 2005.

ENTER:

David A. Faber
Chief Judge